13468

WILSON v. SOUTH CAROLINA POWER COMPANY

(165 S. E., 186)

*Mr. George Warren,* for appellant, 

*Mr. Randolph Murdaugh,* for respondent, 

August 9, 1932.

The opinion of the Court was delivered by Mr. Justice Carter.

This action, instituted in the Court of Common Pleas for Hampton County (the date of commencement not appearing in the record), is a suit by the plaintiff, S. J. Wilson, to recover against the defendant, South Carolina Power Company, damages in the sum of $25,000.00, for alleged personal injuries, alleged to have been caused by the negligent, careless, reckless, wanton, and willful acts of the "defendant, its agent, servant and employee, acting within the scope of his right, power and authority," in operating an automobile, May 22, 1929, while traveling on a public high-

way, going from the Town of Fairfax, S. C., to the Town of Allendale, S. C., to repair electric wires and perform other services for the defendant, in accordance with his duties as such employee of the defendant; it being alleged, further, that the said agent and employee was general superintendent of all of the work of the defendant carried on in the Counties of Allendale and Hampton, said State of South Carolina. To the allegations of the complaint the defendant interposed a general denial, set up the defense of contributory negligence, and alleged that the plaintiff's injuries, if any, were caused by his own negligent, careless, reckless, and willful acts in parking his car on the highway "on a day when there was so much wind and blowing sand that it was difficult to see at a point several feet distant from the right-hand edge of the road, and at a point where same constituted an obstruction on the highway and a menace to traffic," and "voluntarily, negligently, carelessly, recklessly and willfully walked out into the side of the automobile of one J. W. Blease when plaintiff knew, or should have known, that the said car was passing on the highway and that there was danger in walking into same, and that the said J. W. Blease would be unable to avoid injuring the plaintiff if he walked into the side of the car."

The case was tried at the fall, 1929, term of said Court, before his Honor, Judge W. H. Townsend, and a jury, resulting in an order of nonsuit, based on defendant's motion at the close of the testimony offered on behalf of the plaintiff. From the order of nonsuit the plaintiff has appealed to this Court.

As we view the case for appeal, it is only necessary to consider the alleged error imputed to the trial Judge in holding that the defendant could not be held in damages for the reason that it was shown in the course of the testimony that when the alleged injury occurred to the plaintiff the said employee of the defendant, alleged to have caused the collision, was not driving the automobile of said employee specified in the contract between the defendant and such em-

ployee, but that the said employee was riding in another car that he owned.

In moving for a nonsuit, in respect to the above-mentioned matter, counsel for the defendant based the same upon the following grounds:

"That Mr. Blease, the party who was driving the automobile, and who it is alleged struck the plaintiff, was driving an automobile which was not the property of the defendant, and over which it had no control or direction.

"That Mr. Blease, the party whom it is alleged struck the plaintiff with an automobile, was not acting within the scope of his authority and the undisputed evidence shows that he was driving an automobile that belonged to him personally and was not using the automobile that he was directed to use by the defendant and that the automobile used by Mr. Blease at the time of the alleged accident was one that belonged to Mr. Blease personally and on which the defendant had no liability insurance. That the automobile which Mr. Blease was authorized to use in the conduct of defendant's business was a Studebaker and on which the defendant had liability insurance."

In passing upon the motion based upon this ground the trial Judge made the following ruling: "Now, I think the point made by counsel for the defendant, that the injury complained of occurred while the servant of the defendant company was driving his own car—a Chevrolet car which belonged to him, and which the company had nothing to do with it, and showing that the company should not be held liable for the injury. The reason of this is, that the contract in evidence as testified to by the witness showing that the defendant company employed Mr. Blease as its agent to keep its lights in repair, and in doing so to travel from one place to another, to use a Studebaker car for the use of which they were to pay him $50.00 per month. The point made by defendant's counsel in argument that it was very material what car Mr. Blease used in doing his work, for the reason that the company may have obtained insurance

protection for any liability growing out of the use of the Studebaker car which they authorized, and, therefore, their liability should be restricted within the limits of the authority given their agent. There is no evidence showing that Mr. Blease was authorized as agent of the defendant Power Company to use his Chevrolet car in traveling from Fairfax to Allendale as he did on this occasion. For that reason the nonsuit is granted."

We are unable to agree with his Honor's ruling. The contract between the defendant and its employee, Mr. Blease, was not introduced in evidence. However, it did appear from the testimony in the case that it was specified in the contract that the said employee should use, in connection with the company's business, a Studebaker car, owned by Mr. Blease, and for the use of which the defendant agreed to pay Mr. Blease the sum of $50.00 per month; and it further appears from the testimony that when the collision in question occurred Mr. Blease was using another car which he owned, to wit, a Chevrolet. The instrument with which the alleged injury to the plaintiff was inflicted, if it was inflicted, is not, in our opinion, material, and we cannot agree with the trial Judge in his holding, in effect, that the defendant should not be held in damages because the said agent and employee happened to be using his Chevrolet automobile instead of the Studebaker automobile, which the said agent and employee owned also. As to the suggestion that the defendant could have procured insurance on the Studebaker and thereby protected itself against damages, we deem it sufficient simply to call attention to the fact that, under the recognized ruling, it is not proper to introduce such matter in the trial of a case.

It is, therefore, the judgment of this Court that the order of nonsuit be reversed and the case remanded for a new trial.

MESSRS. JUSTICES STABLER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. CHIEF JUSTICE BLEASE did not participate.